# GISKAN SOLOTAROFF & ANDERSON LLP
## Attorneys at Law

December 4, 2025

**BY ECF**
Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East, Courtroom 6B South
Brooklyn, New York 11201

      Re:    *Kohn, et al. v. New York City Department of Education, et al.*,
              1:25-CV-04831 (KAM) (RML)

Dear Judge Matsumoto:

      I represent Plaintiffs Leslie Kohn, Khiabet Leal, Tara Murphy, Vera Remetz, and Nicole Sinatra in the above-referenced action against the New York City Department of Education ("DOE") and William Bassell. Pursuant to Your Honor's text Order dated November 25, 2025, I write to respond to the DOE's pre-motion letter in anticipation of its partial motion to dismiss. ("DOE Ltr," ECF No. 22). For the reasons explained below, the DOE's request should be denied because such a motion would be futile and will only delay the case.

      **I.**      **Overview of Plaintiffs' Claims.**

      This is a case alleging a long and troubling pattern of sexual harassment/sexual abuse by a domineering high school principal employed and protected by the DOE. The five women in this action are employed by the DOE and have either worked at or attended the Academy of American Studies (the "Academy"), a DOE high school in Queens where Bassell has served as Principal for more than a decade. Amended Compl. ("AC," ECF No. 13), 1-2. All five women were either subjected to sexual harassment/sexual abuse by Bassell or retaliated against after they opposed Bassell's unlawful behavior. *See generally* AC, ¶¶ 31-316. Ms. Leal, a former student at the Academy, was only 16 years old when Bassell sexually abused her during a school field trip. *Id.* at ¶¶ 45-52. Plaintiffs further allege that the DOE knew about Bassell's pattern of abuse for years but failed to take any action to end the practice. *Id.* at ¶¶ 317-347. In late May 2025, Bassell was arrested by the NYPD and is currently being prosecuted by the Queens County District Attorney's Office for forcible touching and sexual abuse. *Id.* at ¶¶ 303-305.

      Plaintiffs allege violations of the Fourteenth Amendment to the U.S. Constitution under the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"); Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.*; and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*; the N.Y. Labor Law; and New York common law.

## II. Plaintiffs' State Law Claims are Timely.

Defendant's broad statement that "[a]ll of Plaintiffs' state-law claims against the DOE are barred for failure to file a timely notice of claim" is inaccurate for several reasons.

First, Plaintiffs Kohn and Murphy filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on October 10, 2025, and Notices of Claim ("NOCs") with the NYC Comptroller's Office on November 21, 2025. *See* Exs. A, B. With the Court's permission, Plaintiffs plan to amend the complaint to add these new facts and ensure the operative complaint is up-to-date. *Birkholz v. City of N.Y.*, No. 10-CV-4719 (NGG) (SMG), 2012 U.S. Dist. LEXIS 22445, at *42 (E.D.N.Y. Feb. 17, 2012) (directing plaintiff to file "an amendment to his Amended Complaint that alleges he strictly complied with the requirements of New York Education Law § 3813(1) and that the notice was timely served").

Second, NOCs are not required for the majority of Plaintiffs' claims. The New York Court of Appeals has recognized that human rights claims are not tort actions under Municipal Law § 50-e and are not personal injury, wrongful death, or damage to personal property claims under § 50-i; therefore, a NOC is <u>not</u> required under New York law. *Margerum v. City of Buffalo*, 24 N.Y.3d 721, 730 (2015); *see also Dicapua et al. v. City of N.Y. et al.*, No. 85035/2023, 2023 N.Y. Misc. LEXIS 5249, at *6 (Sup. Ct. July 18, 2023).

Third, no NOC is required because this case has been brought to vindicate the public interest. In addition to the enforcement of their private rights, Plaintiffs also "seek relief for a similarly situated class of the public"; as such, they are exempted from the NOC requirement. *Augustin v. Enlarged City Sch. Dist. of Newburgh*, 616 F. Supp. 2d 422, 446 (S.D.N.Y. 2009). The AC plausibly alleges that there are likely "dozens of other women and girls who were abused by Bassell" and describes Bassell's long history of singling out women and girls "for illegal touching, texting, and commentary." AC, 2; ¶ 23.[1] The pleading further alleges that the DOE "has been aware of Bassell's conduct since at least 2016, but it has exhibited deliberate indifference by failing to act and protect the women and girls at the Academy[.]" *Id.* at ¶ 22. Plaintiffs seek equitable relief on behalf of all female employees and students from both Defendants, including injunctions preventing Bassell from sexually harassing his employees in the workplace and from sexually abusing students who attend DOE-operated schools, and an injunction requiring the DOE to train all its employees on its anti-retaliation policies and whistleblower protections, among other relief. *See id.* at p. 69.

Given the nature of the allegations and the relief sought, which is in the public interest, Plaintiffs are exempt from the NOC requirement under N.Y. Educ. Law. § 3813. *Union Free Sch. Dist. No. 6 v. N.Y. State Human Rights Appeal Bd.*, 35 N.Y.2d 371, 380 (1974) (holding that

---

[1] The NOCs and EEOC charges state that they are "filed on behalf of Claimant, and all others similarly situated." They continue: "This [Charge of Discrimination/NOC] is intended to be as broad as possible and exhaust the class administrative process for all class claims relating to female employees at the DOE who worked at the Academy of American Studies and employees who suffered retaliation for complaining about discrimination and/or harassment, including both disparate treatment and disparate impact claims, and other general terms and conditions of employment that are subject to the New York State, City, and Federal laws cited above."

the NOC requirement under N.Y. Educ. Law § 3813 was not applicable to a sex discrimination complaint which sought to vindicate a public interest). As here, the complaint in the *Union Free School Dist.* case alleged a discriminatory employment practice that was applicable to a class of similarly situated teachers employed by the school district, and the complaint sought relief for the complainant and others similarly situated.

Lastly, the NOC requirement does not apply to Plaintiff Khiabet Leal pursuant to New York's General Municipal Law ("GML"). GML § 50-e(8)(b) states: "This section shall not apply to any claim made for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in [N.Y. Penal Law § 130] committed against a child less than eighteen years of age." GML § 50-i (5) provides: "this section shall not apply to any claim made against a…school district for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in [N.Y. Penal Law § 130] committed against a child less than eighteen years of age." The AC alleges that Ms. Leal was under age 18 when she suffered physical and psychological injuries, and that Bassell's conduct constituted a sexual offense under Penal Law §130. AC, ¶¶ 452, 464, 469. Ms. Leal was thus not required to file a NOC.

### III.  Plaintiffs' Federal Claims are Timely and Adequately Pled.

Defendant DOE argues that "[m]any of" Plaintiffs' claims brought pursuant to Title IX and Section 1983 are untimely. DOE Ltr. at 3. The DOE does not specify precisely which causes of action it seeks to dismiss; however, it focuses most of its attention on purported deficiencies in Ms. Leal's claims. All of Ms. Leal's claims will withstand a motion to dismiss.

Ms. Leal's Section 1983 claims are timely because, as alleged in the AC, until Bassell's arrest in late May 2025, Ms. Leal did not know that the sexual "abuse she had endured—and the DOE's failure to protect her from Bassell—had not been an isolated incident but rather, was part of a pattern and practice of constitutional violations by Bassell and the DOE." AC, ¶ 79. A claim brought pursuant to Section § 1983 against a municipal agency "does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a [municipal] 'policy or custom,'" *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995). As Judge Furman in the Southern District recently explained in another case against the DOE alleging sexual abuse of a minor: "the claim accrues when the plaintiff 'knows or has reason to know' that her injury resulted from a municipal policy or custom." *Doe v. Kimmel*, No. 24-CV-3201 (JMF), 2025 U.S. Dist. LEXIS 17170, at *5 (S.D.N.Y. Jan. 30, 2025) (citing *Cullen v. Margiotta*, 811 F.2d 698, 725 (2d Cir. 1987) and *Flores v. Captain Nieva*, 2017 U.S. Dist. LEXIS 32220 at *6-7 (S.D.N.Y. Mar. 6, 2017)). In that case, which is strikingly similar to this case, Judge Furman denied the DOE's motion to dismiss the Section 1983 claim. Because Ms. Leal has pled that she did not know about the DOE's unconstitutional policy until late May 2025, her Section 1983 claim did not accrue until then and she had three years from that date—until late May 2028—to file her federal claims. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (Section 1983 actions filed in NYS are subject to NY's three-year statute of limitations).

Ms. Leal's Title IX claims are also timely. The discovery accrual rule "has been applied in certain circumstances," such as where a "defendant's deceptive conduct may prevent a plaintiff from even <u>knowing</u> that he or she has been defrauded." *Twersky v. Yeshiva Univ.*, 579 F. App'x 7, 9 (2d Cir. 2014) (emphasis in original). Courts have explained that "in case of defendant's fraud or deliberate concealment of material facts relating to his wrongdoing, time does not begin to run until plaintiff discovers, or by reasonable diligence could have discovered, the basis of the lawsuit." *Austin v. Fordham Univ.*, No. 21-CV-6421 (JPO), 2022 U.S. Dist. LEXIS 179170, at *11 (S.D.N.Y. Sep. 30, 2022) (citing *Barrett v. United States*, 689 F.2d 324, 327 (2d Cir. 1982)). Here, as explained above and alleged in the AC, the DOE concealed its wrongdoing for years, and Ms. Leal only learned about the DOE's awareness of and indifference to Bassell's yearslong pattern of sexual harassment/abuse in late May 2025. She thus did not discover "the basis of the lawsuit" until late May 2025.

Finally, Ms. Leal's claims brought under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), would also survive a motion to dismiss on two independent bases. First, Ms. Leal, along with her co-plaintiffs, have adequately alleged *Monell* liability based upon a "persistent and widespread" practice. As alleged in the AC, Bassell engaged in a yearslong campaign of sexual harassment and abuse against women and at least one girl. Bassell's alleged conduct was "so manifest as to imply the constructive acquiescence of senior policy-making officials." *Lucente v. County of Suffolk*, 980 F.3d 284, 297-98 (2d Cir. 2020). Second, Ms. Leal can establish *Monell* liability through the alleged "failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Alwan v. City of New York*, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018). Ms. Leal alleges that the DOE "knew long before Ms. Leal was assaulted by Bassell in 2015, that DOE staff required training on (1) how to recognize the signs and patterns of sexual harassment and abuse and (2) how to safely and effectively report potential sexual harassment and abuse," AC, ¶ 324, yet failed to provide such trainings to its staff. *Id.* at ¶¶ 333-337. These DOE failures directly resulted in Ms. Leal's harm. *Id.* at ¶¶ 390-393.

On behalf of all Plaintiffs, I thank the Court for its time and consideration of this matter.[2]

                                                Respectfully submitted,

                                                */s/ Amy E. Robinson*
                                                Amy E. Robinson, Esq.

cc:   All counsel (by ECF)

---

[2] Should the Court allow the DOE's partial motion to dismiss to proceed, Plaintiffs respectfully submit that discovery should commence while the motion is pending. *Cooper v. Office of the Comm'r of Baseball*, No. 24-CV-3118 (VSB), 2025 U.S. Dist. LEXIS 4755, at *4 (S.D.N.Y. Jan. 9, 2025) (noting that courts "generally decline to grant discovery stays when there is no pending motion that potentially disposes of the entire action").