1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

LESLIE KOHN, TARA MURPHY,      :
NICOLE SINATRA, KHIABET LEAL,
and VERA REMETZ,               :

                             25-CV-4831(KAM)

       Plaintiffs,         :


    -against-                :

                       United States Courthouse
                       Brooklyn, New York

THE NEW YORK CITY DEPARTMENT
OF EDUCATION and WILLIAM
BASSELL,                       :

                       March 10, 2026
       Defendants.        :   11:00 a.m.


- - - - - - - - - - - - - - - X


    TRANSCRIPT OF CIVIL CAUSE FOR PRE MOTION CONFERENCE
      BEFORE THE HONORABLE KIYO A. MATSUMOTO
        UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Plaintiffs:      GISKAN SOLOTAROFF & ANDERSON LLP
                    1 Rockefeller Plaza
                    8th Floor
                    New York, NY 10020

                    BY:  AMY ROBINSON, ESQ.


For Defendant NYC DOE:   NEW YORK CITY LAW DEPARTMENT
                    Employment and Labor Law Division
                    100 Church Street
                    Ste 2-104
                    New York, NY 10007

                    BY:  ZACHARY ELLIS, ESQ.
                        DAVID SUMNER THAYER, ESQ.

2

APPEARANCES:   (CONTINUED)

Court Reporter:          Andronikh M. Barna
                         225 Cadman Plaza East
                         Brooklyn, New York
                         (718) 613-2178

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

                    *  *  *  *  *  *  *  *  *  *

          THE COURTROOM DEPUTY:  This is a premotion conference, Docket 25-CV-4831, Kohn et al. versus New York City Department of Education, et al.

          Will counsel on behalf of the plaintiff, please state your appearance.

          MS. ROBINSON:  Good morning, Your Honor.

          Amy Robinson of Giskan Solotaroff & Anderson for the plaintiffs.

          THE COURT:  Good morning.

          MS. ROBINSON:  I'm here with my paralegal, Emily Appelbaum.

          THE COURT:  Thank you.  Good morning.

          THE COURTROOM DEPUTY:  And defendant William Bassell.

          MR. W. BASSELL:  Good morning, Your Honor.

          William Bassell, defendant, acting pro se at the moment.

                Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                              3

THE COURT:  All right.  Thank you.

THE COURTROOM DEPUTY:  And for The New York City Department of Education.

MR. ELLIS:  Good morning, Your Honor.

Assistant Corporation Counsel Zachary Ellis on behalf of defendant, The New York City Department of Education.

THE COURT:  All right.  Thank you.

MR. THAYER:  Also, David Thayer of The New York City Law Department on behalf of the defendant, DOE, from the General Education Division.

THE COURT:  All right.  Thank you.

Is DOE a proper defendant or should the case be against the City of New York?

I know sometimes certain City agencies allege or claim that they should be not named individually, but rather it's City of New York.

MR. ELLIS:  No, Your Honor, the DOE is the proper defendant.

THE COURT:  Okay.  Great.

Okay.  Thank you.

So as you know, we have a motion, proposed motion by the City defendants to dismiss under 12(b)(6) and they allege a number of infirmities like the statute of limitations, failed to file notices of claim, et cetera.

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                    4

I'm thinking that there may be ways to cure some of these issues, but let me ask you also, have there been any will towards settlement?  Have you made any demands?

MS. ROBINSON:  Yes, Your Honor.  I've made a settlement demand a few months ago.

THE COURT:  All right.  And is the DOE not willing to engage?

MR. ELLIS:  No, it is, Your Honor.  A demand was made.  It has not been responded to, but it has been internally discussed.  And the DOE is open to settlement negotiations, including before the assigned magistrate judge.

THE COURT:  All right.  So, Magistrate Judge Levy is an amazing settler of cases.  In fact, he oversees our court-related mediation program.

This is the kind of case, in my view, that should settle.  But the question is, are the plaintiffs willing to make reasonable, good-faith demands that take into account the risks and expenses of going forward and is the defendant, DOE, willing to make a good-faith offer.

Now, in terms of Mr. Bassell, I don't know what the views are there, whether plaintiffs have made a demand on him. He's still employed from what I understand, still drawing his salary; is that right?

MS. ROBINSON:  I mean, that's my understanding, Your Honor.

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                          5

MR. ELLIS:  Yes, Your Honor, that is correct.

THE COURT:  Is that because your contract requires you to keep him employed?  Or must you await a conviction?  Or what is the situation?  Is he working?  Or is the City just -- DOE just paying him?

MR. ELLIS:  He has been administratively reassigned.

THE COURT:  Meaning?

MR. ELLIS:  Pursuant to Chancellor's Regulation C-105.

THE COURT:  Okay.

MR. ELLIS:  And so he is, I believe, working from home without any contact with students, parents, or schools.

THE COURT:  And what kind of work does he do from home?

MR. ELLIS:  It would be administrative-type work, Your Honor.

THE COURT:  Like what?

MR. ELLIS:  Mr. Bassell himself is probably better situated to answer that question.

THE COURT:  What kind of work are you doing from home?

MR. W. BASSELL:  I'm sorry, Your Honor?

THE COURT:  What kind of work are you doing from home during your administrative situation?

MR. W. BASSELL:  Usually I review documents that the

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                                    6

DOE sends out and I keep myself informed on what the processes are that are going on within the DOE.

THE COURT:  Okay.

Other than informing yourself, what services are you providing to the DOE in exchange for your salary?

MR. W. BASSELL:  That's what I do, Your Honor.

THE COURT:  So it's not --

MR. W. BASSELL:  I know I can ask, but at this point I haven't asked anything.

THE COURT:  All right.

And in terms of your criminal case, sir, what is the status of that?  Do you have a trial date?

MR. W. BASSELL:  So the -- my criminal attorney is still in conversation with the ADA in Queens, and there is an upcoming date for further discussion on March 19th.

THE COURT:  Okay.

I would like a report at the end of -- you know, maybe by the 20th or 21st as to the outcome of your discussions with the Queens DA.

MR. W. BASSELL:  How would I send that to you, Your Honor?

THE COURT:  Just via ECF.

MR. W. BASSELL:  If I don't use ECF, can I send you a letter?

THE COURT:  You can file it to the Pro Se Clerk's

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                  7

Office and they will upload it.  Okay?

So March 19th is the date of the meeting?

MR. W. BASSELL:  Yes, Your Honor.

THE COURT:  Okay.

All right.  So let's talk about what we can do to cure some of the pleading deficiencies.

I do think that probably a second amended complaint is in order.  In that second amended complaint, I would recommend that the plaintiff make specific allegations about what claims were filed for each plaintiff and when.  And I think that in terms of factual deficiencies or alleged deficiencies that the defendant DOE has identified, I would try to add more facts consistent with the statute of limitations for the teachers, the adult plaintiffs.

In terms of the child, the victim who was a child at the time, I think that we don't have issues regarding notice. And I think the plaintiffs made a good point about the Department of Education not necessarily being aware of the ongoing harassment and assaults that were happening, especially at the time of Ms. -- I guess I will say her name -- Ms. Leal's incident.

I think that you should focus on dates of all the plaintiffs, ma'am, that would come within the statute of limitations and are consistent with the notice of claim that you filed.

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                    8

I would also encourage you, in a second amended complaint, to draw out claims that are not viable either because they're outside the statute of limitations or, you know, you can't show that a timely claim is filed to preserve those claims.

I think that you should also specify when the plaintiffs became aware of the alleged municipal policy or practice of just ignoring or discouraging any complaints against Mr. Bassell, including the sexual harassment and unwanted touching of staff and students.

I think the first cause of action could use some clarification as to what claim specifically is being alleged. I think that, you know, having specific facts to support those claims is always going to be important.

I'm not encouraging you to make your already lengthy complaint longer, but I think if you clean up and eliminate certain claims that are obviously stale and you add more facts that would give a better understanding along the lines that I've discussed and also following the Department of Education's premotion conference letter that informs you of the specific infirmities that they perceive, that it would be a good use of your second amendment grant. I'm granting you leave to do that. And I'm assuming that the DOE doesn't object. This would, in my view, save motion practice.

And Mr. Bassell, I'm assuming you won't object

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                              9

either.  Am I correct about that?

MR. W. BASSELL:  Yes, Your Honor.

THE COURT:  What about the DOE?

MR. ELLIS:  The DOE has no objection either, Your Honor.

THE COURT:  All right.  That way, I think what we could do is understand what claims are most likely to proceed.

I also think that at the same time, you can pursue settlement discussions with Judge Levy.  I think that might be a good idea.  And I will refer you formally to him for a settlement conference.

So, let me ask the plaintiffs' counsel, Ms. Robinson, how long do you need to file a second amended complaint?

MS. ROBINSON:  30 days, Your Honor?

THE COURT:  You need that much time?  I mean, I'll give it to you if you really need it, but.

MS. ROBINSON:  14 days?  I mean, I can do it in less time.

THE COURT:  All right.  Let's give you 21 days.  How is that?

MS. ROBINSON:  We'll compromise.

THE COURT:  21 days from today brings us to April 1st, correct?

And then what I would like to hear is the Department

Proceedings                                              10

of Education's and Mr. Bassell's view as to how they intend to proceed.

        Mr. Bassell, you didn't join in this motion to dismiss; am I correct?

        MR. W. BASSELL:  Your Honor, you know, as a pro se defendant at this point, I'm not familiar with the bureaucratic workings of the court, but I would like to join in the DOE, New York City's motion to dismiss based on the letter that Mr. Ellis provided to you in November.

        THE COURT:  Okay.

        Well, let me explain to you what is happening.

        I am allowing the plaintiff to amend their complaint for the second time in order to address the DOE's letter, promotion conference letter, and to see if they can allege sufficient facts to at least salvage some of their claims. And once the amended complaint is filed on April 1st, I would like to find out from the parties, both sets of defendants, how they intend to proceed.  Because you might be satisfied at that point, the Department of Education and Mr. Bassell might be satisfied at that point, that engaging in motion practice is not going to be fruitful and that moving towards settlement or litigation is the better course.

        Did you want to be heard, sir?  You look like you wanted to be heard.

        MR. ELLIS:  Well, Your Honor, unless plaintiffs drop

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                                11

all of their state law claims, which I don't think they will, I think we're going to have a continued issue, at a minimum there, of failure to file a notice of claim timely or otherwise representative three plaintiffs.

What I would perhaps suggest is we can say even without the benefit of an SAC, that we are willing to proceed to settlement negotiations before Judge Levy.  And I think if Your Honor wanted to take the same approach as in the Jane Doe case, which is to stay defendants' response deadline to the SAC pending the outcome of a settlement conference before Judge Levy, perhaps giving the parties -- if the SAC is due on April 1st, perhaps giving the parties until April 8th to notify Judge Levy of there respective availabilities for that conference.

THE COURT:  I think you could do that before today. You should be able to do it by the end of the week.  You should confer amongst yourselves and propose certain dates for Judge Levy.  Because I don't know his schedule.  But you should give him more than one option.  So, the hours that all of you will be available with clients to attend a settlement conference.

MR. ELLIS:  Yes, Your Honor.

THE COURT:  So, SAC is second amended complaint, in case you didn't pick that up.

And this, I think, can be done before April 1st.  In

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                    12

fact, I would like it if you could contact Judge Levy by this Friday, the 13th, and propose dates that all of you are available.  And then hopefully that can be done before April 1st.

MR. ELLIS:  The settlement conference can't happen before April 1st, Your Honor.

THE COURT:  Why not?

MR. ELLIS:  The City is going to require at least 30 days to sufficiently prepare for the settlement conference here.

THE COURT:  When you say "sufficiently prepare," what?  You know the facts.  What do you need to prepare?

MR. ELLIS:  Yes, but settlement authority comes directly from the Comptroller's Office.

THE COURT:  Oh, authority.

Okay.  To get authority?

MR. ELLIS:  Yes.

THE COURT:  It takes you 30 days?

MR. ELLIS:  Yes, Your Honor.

So we would be prepared to mediate sometime in April, early- to mid-April, but not by April 1st.

THE COURT:  All right.

So I will then give the plaintiffs additional time, since I was pushing -- hoping the case could push forward. But if April 1st is not a comfortable date for the plaintiffs

Andronikh M. Barna, Official Court Reporter, RPR, CRR

to amend, I can give you a little more time.

Do you want an extra week?

MS. ROBINSON:  Sure, Your Honor.

And, you know, we're absolutely ready to engage in settlement negotiations and a settlement conference, you know, as soon as next week.

THE COURT:  Well, they have to go up the chain and justify why they would pay any of the plaintiffs anything. And they have to get authority for that, so that takes some time.

MS. ROBINSON:  I understand.

THE COURT:  All right.  So, you will at least contact Judge Levy, you will give him dates that are consistent with your ability to obtain settlement authority for each of the plaintiffs.  All right?

MR. ELLIS:  Yes, Your Honor.

THE COURT:  And if the case settles, that would be terrific.  If it doesn't settle, then I would like you to inform me within one business day after the settlement conference if it results in a no-pay, no settlement situation.

What I find many times in settlement conferences is the parties get a lot closer.  There may be additional pieces that they want to deal with, and so it may not be over or completely successful as of the date that the settlement conference is completed.  So, I would just like a status one

Proceedings                                    14

day after telling me that you're either close but didn't quite get there, but you're optimistic, or that you didn't get there because you're worlds apart in your numbers or whatever the case may be.  So, the joint status letter will be one day after the settlement conference with Judge Levy.

Do you have something scheduled on the other case, sir, yet?

Do you have a settlement conference scheduled in the other case?

MR. ELLIS:  No Your Honor.  I'm waiting for plaintiffs' counsel to inform me of their availability for the settlement conference.

THE COURT:  Okay.

All right.  Well, hopefully, you know, even after today's conference you could confer outside in the hallway and get some dates.

Is that possible?

MS. ROBINSON:  Absolutely.

THE COURT:  Okay.

Judge Levy may or may not require that your clients be present.  He may instead ask they be available by phone during the time of the settlement conference.  I realize it may be uncomfortable for some of them to sit across the table from Mr. Bassell, given the allegations.

All right.  So at this time I will adjourn without

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                              15

date the DOE's obligation to answer.  And that will depend on what I hear from you as to how you intend to proceed.

Now, when she files her amended complaint, second amended complaint on April 8th, you may still be holding out hope, all parties, that this case can settle, so maybe it won't make sense to tell me without the settlement efforts how you intend to proceed.  But what I would like to do is ask the DOE and Mr. Bassell to tell me within one business day after the settlement conference as to how they intend to proceed with the suit, are you going to persist in your motions or are you going to just be prepared to engage in discovery with Judge Levy.  And you should also set forth the date by which you'll either answer the complaint or move to dismiss it if you still think there are claims that should be dismissed.

Does the plaintiff have any reasonable argument as to why the state law claims should not be dismissed?

MS. ROBINSON:  Yes, Your Honor, we do.

THE COURT:  Okay.

MS. ROBINSON:  I have numerous reasonable arguments.

THE COURT:  Okay.

They did respond to your letter, so I know that you are adamant they have to drop their state law claims, but I would be interested to know.

Yours was based on fact notice, right?  Notice of claim?

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                                16

MR. ELLIS:  Yes, Your Honor.

And all of the excusal grounds, I would say, raised by plaintiffs in their premotion conference response letter are, as a matter of law, deficient.

THE COURT:  Well, alright.  I'm not sure you are entirely correct, sir, but settlements will obviate the need to have to brief this issue, the state law claims.  And I know you feel they are meritless, but ultimately that decision is mine.

And I've also set forth -- have you not indicated that you did file some claims for some of this?

MS. ROBINSON:  Yes, Your Honor, we filed notices of claim for certain -- on behalf of certain plaintiffs.  And we will, in the second amended complaint, of course, you know, clarify the pleadings on that.

MR. ELLIS:  If I may, Your Honor?

THE COURT:  Yes.

MR. ELLIS:  Those notices of claim were filed on behalf of only two of the plaintiffs.  But more importantly, they were filed November 21st, 2025, which is over 90 days after the events giving rise to the state and local claims and, therefore, untimely.

THE COURT:  All right.  I'm not sure that your public interest argument is going to save your claims, ma'am.  So, think about that.  All right?  I think that the plaintiffs

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                    17

are clearly seeking vindication of their own rights and I'm not sure the public interest argument would carry the day.  I mean, in a broad theoretical sense they may be, but really what you're seeking is relief on behalf of the individual plaintiffs.

And this isn't a class action or anything like that, correct?

MS. ROBINSON:  Not at present it's not.

(Interruption; pause in proceedings.)

THE COURT:  I'm sorry, ma'am?

MS. ROBINSON:  Oh, I was responding to your question about whether it was a class action.  I just said not at present it's not.

THE COURT:  Okay.

Well, it's not going to be, is it?

MS. ROBINSON:  I mean, at present, I -- at present, I don't think that we would meet the -- you know, the requirements under Rule 203.

THE COURT:  Right.

MS. ROBINSON:  However, I'm not closing my mind to the possibility of what we find out during discovery.  This is a decades-long pattern that I think we've identified and it's possible.

THE COURT:  All right.  I think the main thrust of your argument, if I understand it, is that collectively and

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                    18

individually, the plaintiffs did not know that this was

something that the DOE tolerated as a custom and policy, and

the complaint alleges numerous instances where the plaintiffs

tried to bring this to the attention of the school, the school

authorities.

          But you also allege they tried to bring it to the

attention of their union representatives, correct?

          MS. ROBINSON:  Correct.

          THE COURT:  And I don't think you can necessarily

impute the attitudes of the union representatives to the

Department of Education?

          MS. ROBINSON:  Well, I think that, again, discovery

is going to be required because those people, those union

representatives hold DOE positions and I think it will be

dependent upon what their -- you know, the scope of their

duties and responsibilities were pursuant to their agreements

with the DOE.

          THE COURT:  All right.  Well, let me just make sure

we have all the dates.

          By April 8th, the plaintiff will file a second

amended complaint.

          They will reach out by this Friday to Judge Levy

with mutually agreeable settlement conference dates.

          They will advise me jointly, in a status letter, one

day after the settlement conference with Judge Levy as to how

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                          19

they intend to proceed.

And in terms of answer or motion practice, I think the parties should put that in their status letter, also.

Okay?

Yes.

MR. THAYER:  One question, Your Honor.

You mentioned that if the DOE does intend to move again, it wasn't clear to me if you expected another premotion letter at that point or if we should just go ahead and move.

THE COURT:  I think that if she drops some of the stale claims or if she does further research and agrees with you that the state law claims, some of them at least, cannot survive, then your motion would be somewhat limited.  Right now it seems that different plaintiffs bring different claims. Some of them are joined.  So, for example, for the first cause of action, all plaintiffs sue all defendants, but the second is just Leal against the DOE.  The third cause of action is only Kohn, Remitz, and Murphy against all defendants.  So there are, you know, nuances as to who they named and for what claims.  There are four of the adult defendants -- oh, no, I'm sorry.  Three adult defendants.  One of the minor defendants is named in the 14th Amendment Violation of the youthful protection based on retaliation.  So I just think that it would be helpful to me to get your views as to why your motion practice is going to be advanced.  And it would also be good

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                                20

for me to hear from the plaintiffs' counsel as to why she thinks the second amended complaint should survive and the case should proceed to discovery.  All right?

And again, I urge you, please, to try to settle this.  I don't think anybody wants a trial on this case, but, you know, we're here if you need a trial.

Have I neglected or overlooked anything?  Before we adjourn.

MS. ROBINSON:  Not from my point of view, Your Honor.

MR. ELLIS:  The DOE is okay, Your Honor.

THE COURT:  Okay.

MR. W. BASSELL:  We're okay, Your Honor.

THE COURT:  All right.  Thank you.

All right.  Nice to see everybody.

I will hear from you then within a day of your settlement conference with Judge Levy and I am going to see hopefully something on the docket from all of you, letter to Judge Levy proposing dates and times for a settlement conference.

Okay?

You can file that via ECF.

MS. ROBINSON:  Yes, Your Honor.

THE COURT:  Okay.  Thank you.

Have a nice day.

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings                                    21

MR. THAYER:  Thank you, Your Honor.

MS. ROBINSON:  Thank you.

MR. W. BASSELL:  Thank you, Your Honor.

(Matter concluded.)


                *    *    *    *    *


I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


  /s/ Andronikh M. Barna            March 23, 2026
_____         _____
  ANDRONIKH M. BARNA                DATE

Andronikh M. Barna, Official Court Reporter, RPR, CRR